UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| April L. Hampton, #287587, ) | CIVIL ACTION NO. 9:11-0621-JFA-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Colleton County Sheriff's Office, ) | |
| Colleton County Detention Center, ) | |
| Sgt. Aiken, Sheriff Malone, Officer Tyler, ) | |
| Officer Lynah, Sgt. Marshall Morehead, ) | |
| Detective Frank Inabinett, Lt. Pinckney, ) | |
| and Lt. Strickland, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants while she was being held at the Colleton County Detention Center, post conviction and awaiting transfer to a state prison.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on May 1, 2012. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 2, 2012, advising Plaintiff of the importance of a motion for summary judgment and of the need for her to file an adequate response. Plaintiff was specifically advised that if she

- 1 -



failed to respond adequately, the Defendants' motion may be granted, thereby ending her case. Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion on June 4, 2012.

The Defendants' motion is now before the Court for disposition.[1] Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.



**Discussion**

Plaintiff alleges in her verified complaint[2] that on March 13, 2007, she was eating her supper at the Colleton County Detention Center when her co-defendant, Anthony Lemar Brown, was brought in "and allowed [ ] to be free of cuffs and unsupervised . . . ." Plaintiff alleges that the Defendants Lynah, Tyler, and Aiken, all jail officers, were present. Plaintiff alleges that she had given a statement against her co-defendant, and that he "start[ed] beating me repeatedly upon the head, neck, and face". Plaintiff alleges that the Defendant officers knew she had given a statement against her co-defendant and that he was upset about it, and that they failed to do their job to protect her. Plaintiff also alleges she was offered "perfunctory" medical attention at the time, but that she is still having "flashbacks, nightmares, headaches, and stress" as well as depression as a result of this incident. Plaintiff admits that she did not file a grievance concerning this matter.[3] Plaintiff seeks monetary damages against the named Defendants, as well as injunctive and/or declaratory relief requiring the Defendants to provide "proper safeguards for inmates in this position in the future".

---

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

[3] Before filing a lawsuit in federal court, prisoners are required to first exhaust their administrative grievance remedies provided at the jail or prison. See 42 U.S.C. § 1997(e)(a)["No action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"]. However, it the Defendants who have the burden of raising and proving failure to exhaust, which is an affirmative defense. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]. Here, the Defendants have not argued failure to exhaust as a basis for dismissal in their motion for summary judgment. Therefore, this defense to suit has not been discussed in this opinion.



See generally, Verified Complaint.

Defendants assert in their motion for summary judgment, inter alia, that this case should be dismissed for having been filed outside of the applicable statute of limitations. Because there is no federal statute of limitations for section 1983 actions, the analogous state statute governing personal injury actions applies. See Wilson v. Garcia, 471 U.S. 261 (1985). The statute of limitations for such causes of action arising in South Carolina is three years. See S.C. Code Ann. § 15-3-530(5); see also Simmons v. South Carolina State Ports Auth., 694 F.2d 64 (4th Cir. 1982)(citing to previous version of statute); Heyward v. Monroe, 166 F.3d 332 (4th Cir. 1998)(unpublished)(Table). Therefore, in order to sue under 42 U.S.C. § 1983 for a constitutional violation that occurred in March 2007, Plaintiff would have had to have brought this action by at least March 2010. Plaintiff's filing date of this lawsuit pursuant to Houston v. Lack, 487 U.S. 266 (1988) is March 15, 2011, the date Plaintiff's Complaint was received by the Clerk of Court.[4] Hence, the Complaint in this case was filed a year after the statutory deadline expired.[5]

Plaintiff argues in her response to the Defendants' motion that "courts have granted leeway until such a time as the victim can safely bring her case without fear of re-injury", and that she was therefore entitled to wait until all "appeals or PCRs" were over before filing this lawsuit.

---

[4] In Houston v. Lack, the Supreme Court held that a prisoner's pleading is deemed to have been filed at the moment of delivery to prison authorities for forwarding to the District Court. Here, however, Plaintiff's Complaint was sent from outside the prison via priority mail by a "Harriet Hampton", who is assumed to be a relative of the Plaintiff. Since Plaintiff was granted IFP status, the undersigned has credited Plaintiff with the date the Clerk received the lawsuit for purposes of her statute of limitations filing deadline. See Rule 5(d)(2)A, Fed.R.Civ.P.

[5] The undersigned notes that the Complaint itself is dated January 20, 2011. However, even if the Court were to credit Plaintiff with this earlier date for purposes of her limitations period, that date is still after the statutory deadline for filing this lawsuit.

- 4 -



Plaintiff's Brief, pp. 1-2. However, Plaintiff offers no rationale in her brief for how this delay has helped secure her safety. While she indicates in her brief that she wishes to avoid any "courtroom appearances" with her co-defendant, that is a result she could invariably face by virtue of her having brought this lawsuit, if this lawsuit was allowed to proceed, and in any event that is not a burden alleviated by appeal or PCR time periods having expired.

Plaintiff also states in her brief that she was "mentally unable" to file this lawsuit and that her time to have done so should therefore be tolled. However, Plaintiff offers no more than this conclusory statement in her brief to support this claim (which is not, it should be noted, contained anywhere in her Complaint). Plaintiff has provided no medical evidence whatsoever to support this statement, or any other evidence to show that she was medically unable to bring this lawsuit prior to January 20, 2011, the date of her Complaint. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; see also Scheckells v. Goord, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."]); Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence insufficient to defeat summary judgment]. Therefore, this argument is without merit.

## Conclusion

Based on the foregoing, it is readily apparent that Plaintiff has filed this lawsuit well



outside of the applicable statute of limitations for her claim. Therefore, it is recommended that the Defendants' motion for summary judgment be **granted,** and that this claim be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 14, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

