IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| April L. Hampton, ) | C/A No.: 9:11-621-JFA-BM |
| ) | |
| Plaintiff, ) | |
| vs. ) | ORDER |
| ) | |
| Colleton County Sheriffs Office; Colleton ) | |
| County Detention Center; Sgt. Aiken; ) | |
| Sheriff Malone; Officer Tyler; Office Lynah; ) | |
| Sgt. Marshall Morehead; Detective Frank ) | |
| Inabinett; Lt. Pinckney; and Lt. Strickland, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, April Hampton, brings this action pursuant to 42 U.S.C. § 1983. She contends that the defendants violated her constitutional rights and failed to provide her protection from an attack by her co-defendant while being booked at the Colleton County Detention Center. She seeks monetary damages and injunctive or declaratory relief.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation wherein he suggests that the complaint is time-barred and summary judgment should be entered for the defendants. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The plaintiff was advised of her right to file objections to the Report and Recommendation and the plaintiff filed timely objections to the Report. Thus, it appears this matter is ripe for resolution.

The Magistrate Judge opines that the statute of limitations period applicable to this § 1983 action is three years under South Carolina law. The actions upon which plaintiff complains took place in March 2007. Accordingly, the statute of limitations period would have expired in March 2010. The plaintiff did not file her complaint in this action until March 15, 2011. Thus, the complaint was filed a year after the statutory deadline expired.

In her objections to the Report, the plaintiff maintains that as long as she or her co-defendant/attacker still had appeals and could be housed in the same detention center, she felt endangered. She also claims she was "suffering from shock and PTSD (post-traumatic stress disorder) and was unable mentally, until the filing of this suit, to relive those events, which warrants the statute that allows leeway in time constraints that the courts have allowed victims of abuse in the past."

The Magistrate Judge notes in his Report that the plaintiff has provided no medical evidence whatsoever to support her statement that she was mentally unable to file this lawsuit and that her time to have done so should be tolled. South Carolina Code Ann. §15-3-530 provides that claims for "assault, battery, or any injury to the person or rights of another" must be brought within three years from the date the alleged injury occurred. The plaintiff is forever barred from bringing the action if he or she fails to do so within this period. The statute is tolled only if, at the time the cause of action accrues, the Plaintiff is insane or under

the age of 18. S.C. Code Ann. § 15-3-40. The plaintiff has offered no proof that she is insane or has any mental disabilities.

After a careful review of the record, the applicable law, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and the defendants' motion for summary judgment is granted for the reason that plaintiff's complaint was filed outside of the applicable statute of limitations for her claim.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

January 7, 2013
Columbia, South Carolina